STUCKY, Judge,
with whom ERDMANN; Judge, joins (dissenting):
I concur with the majority’s holding that the military judge erred when he refused to give the defense-requested voluntariness instruction and instead gave the standard mental responsibility instruction. I disagree with the holding that such error was harmless beyond a reasonable doubt. •
“‘The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant’s conviction or sentence.’ ” United States v. Davis, 73 M.J. 268, 273 (C.A.A.F.2014) (quoting United States v. Dearing, 63 M.J. 478, 482 (C.A.A.F.2006)). In other words, “could a rational panel have found Appellant not guilty if they had been instructed properly?” Id Here, the answer is yes.
The evidence presented at trial included facts inconsistent with a finding that Appellant acted voluntarily. At trial, Appellant’s wife endorsed her testimony from the Article 32, UCMJ, 10 U.S.C. § 832 (2012), investigation that she had never seen Appellant act like that before and “ ‘[i]t was like — it was a different person, not my husband.’” After assaulting her, Appellant emerged from the bedroom and asked what happened to his wife. United States v. Torres, No. 37623, 2013 CCA LEXIS 853, at *4, 2013 WL 5878809, at *1 (A.F.Ct.Crim.App. Oct. 3, 2013). A guest told him that he had beaten her up. A few minutes later Appellant’s flight chief found him lying face down on the bed, where he remained unresponsive until the police arrived. The defense’s expert neurologist testified that, while postictal violence is rare, Appellant suffered a history of epileptic seizures and it was possible that Appellant’s actions on this occasion were the product of a postictal state. These facts raise the possibility of a reasonable doubt.
Since voluntariness is an implicit element of the offense, the Government had the burden to prove beyond a reasonable doubt that Appellant acted voluntarily. See United States v. Berri, 33 M.J. 337, 341 n. 9 (C.M.A.1991) (noting that common law treats volun-tariness as an implicit element of an offense). But under the mental disease or defect instruction, the defense then had the burden to prove with “clear and convincing evidence” that he was in a postictal state. 2013 CCA LEXIS 853, at *10, 2013 WL 5878809, at *3. This instruction shifted the burden to the defense, when it should have remained with the Government. It also deflected the panel members’ focus from the defense’s argument that Appellant had been in a postictal state, to a straw man which the defense did not put forth, namely, whether Appellant suffered a mental disease or defect.
The military judge’s failure to give the voluntariness instruction “eviscerated” Appellant’s theory of the case and thereby deprived him of a defense. See Dearing, 63 M.J. at 485. Without a correct instruction, “the members did not have guideposts for an informed deliberation.” Id. (internal quotation marks, omitted). The omission of the instruction meant that the panel members were unable to consider the defense of involuntariness in their deliberations. In a close case such as this, this error cannot be harmless beyond a reasonable doubt.
I respectfully dissent.